### IN

# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI,

MARCH TERM, 1855, AT ST. LOUIS.

***

Metz, Respondent, *vs.* Eddy, Appellant.

1. The supreme court will not reverse a judgment in a suit for wages origina-
   ting before a justice of the peace, because the plaintiff was allowed to re-
   cover in the appellate court upon a *quantum meruit*, when the account filed
   stated a contract. In actions commenced before justices, a variance, to be
   fatal, must go to the substance of the action, and not merely to the form.
2. That a verdict was against the weight of evidence is no ground for a reversal.

*Appeal from St. Louis Law Commissioner's Court.*

Action commenced before a justice of the peace for a balance
of wages as clerk. The plaintiff filed an account, in which he
charged the defendant with his salary at the rate of $41 66 a
month up to January 1st, 1854, without stating whether it was
under a contract or not. After the 1st of January, and up to
March 3d, 1854, when the plaintiff left, the defendant was
charged in the account with a salary of $50 a month, under an
*alleged contract*. The credit side of the account consisted
of cash and goods, and the balance claimed by plaintiff was

$36 02. At the trial *de novo*, before a jury in the law commissioner's court, upon appeal, the plaintiff, without attempting to prove a contract, offered and was allowed to prove the *worth* of his services from January 1st to March 3d, 1854, to which the defendant excepted. There was a verdict for the plaintiff upon the evidence for the full amount of his claim, without instructions asked. The defendant afterwards filed his bill of exceptions and appealed.

*R. S. Voorhis*, for appellant. 1. The court below erred in allowing the plaintiff to waive the contract and proceed on a *quantum meruit*. (3 Phill. Ev. 108. 18 Johns. 169. 1 Johns. 414. 3 Mo. 366. 8 Mo. 118, 517.) 2. The verdict greatly preponderated against the weight of evidence. (11 Mo. 629. 13 Mo. 308.)

*A. V. Hofer*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

1. This was a suit commenced originally before a justice of the peace, thence taken by appeal to the law commissioner's court, where judgment was obtained against the defendant, and the case is brought here by appeal.

In this court, the defendant by his counsel alleges that the cause of action appears to have been for wages as a clerk—a *quantum meruit*—and the evidence shows it was on a special contract for so much money per month as clerk, and therefore not properly a *quantum meruit*.

The answer to this is, that the same cause of action was tried in both courts. The cause, as set forth before the justice, was tried *de novo* in the law commissioner's court. These proceedings before the justices are generally conducted very loosely, without regard to specific distinctions of actions; and if the same cause, the same subject matter of the action was tried in the appellate court as was tried in the magistrate's court, that is enough. The law requires that it shall be the same cause of action tried on the appeal that was tried before the justice, so as to avoid surprise.

Now this being the same cause, the same subject matter of account between these parties, tried in both courts, it is sufficient; and this court will not look into any technical inaccuracies as to the name of the action, whether it be for work and labor, or on account for wages, or *quantum meruit*, or on special agreement. We shall not reverse for any such imperfections. So the record shows us it was the same subject matter tried both times between these parties, we shall be content and not interfere.

2. This court has long since decided that the verdict being against the weight of evidence, is no ground for reversal. No instructions were asked of the law commissioner in this case. The matter was left, upon the evidence, to the jury, and their finding will not be set aside by this court, even where they find against the weight of evidence. It is their peculiar province to weigh the evidence, and we will not interfere in such cases.

Let the judgment be affirmed, the other judges concurring.