H. L. WALKER, Respondent, v. W. S. GUTHRIE, Appellant.

Kansas City Court of Appeals, November 9, 1903.

Justices' Courts: CONTRACT: QUANTUM MERUIT: EVIDENCE. In a justice's court, the plaintiff in an action for services may prove not only the contract price, but also the reasonable value of the services, and recover on the *quantum meruit*.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*John G. Parkinson* for appellant.

Where a petition counts on a contract, there can be no recovery on *quantum meruit.*     Detheridge Lumber Co. v. Schneider, 65 Mo. App. 569; Eyerman v. Cemetery Association, 61 Mo. 489; Davis v. Brown, 67 Mo. 313.

*Graham & Fulkerson* for respondent.

Although a petition counts on contract, there may be recovery on *quantum meruit* where the suit originates in the justice of the peace court, as did this.    This exact point was raised in, and decided by the Supreme Court of this State in 1855, and the conclusion there reached is directly opposed to appellants.    Metz v. Eddy, 21 Mo. 13; Lemon v. Lloyd, 46 Mo. App. 452; Boyle v. Clark, 63 Mo. App. 473; Buschmann v. Bray, 68 Mo. App. 8; West v. Freeman, 76 Mo. App. 96.

BROADDUS, J.—This suit originated before a justice of the peace, where it was tried and appealed to the circuit court.    The statement filed before the justice is as follows:

"Plaintiff for his cause of action states that on or about the 29th day of December, 1901, a certain agreement was made and entered into by and between plaintiff and defendant to the following effect:    That plaintiff was to furnish the materials and apparatus and do the work of fumigating defendant's residence in St. Joseph, Missouri, at and for the agreed sum of four dollars per room, which amount defendant agreed to pay to plaintiff.    Plaintiff states that under said agreement he fumigated eleven rooms for defendant; that he has duly performed all the duties and conditions of said agreement on his part to be performed, but that defendant has wholly failed to perform his part of said agreement," etc.

On the trial in the circuit court plaintiff recovered judgment against defendant for $44, the alleged contract price for his services, and $2.06 interest. The defendant has appealed.

During the trial, plaintiff was not only permitted to introduce evidence to prove the contract alleged, but also over the objections of the defendant to introduce evidence to prove the reasonable value of the services. The instructions of the court, however, were that plaintiff's right to recover was upon the alleged contract and no instruction was given allowing him to recover on *quantum meruit*.

As we understand it, appellant's sole contention is that the court committed reversible error in allowing plaintiff, under his statement, to prove reasonable value. Upon this question the decisions in this State are both numerous and in harmony. In Metz v, Eddy. 21 Mo. 13, the court in speaking of cases originating in justice's courts, uses the following language:

"This court will not look into any technical inaccuracies as to the name of the action, whether it be for work and labor, or an account for wages, or *quantum meruit,* or on special agreement. We shall not reverse for any such imperfections."

So, too, we find the law stated in Gaty v. Sack, 19 Mo. App. 470; Lemon v. Lloyd, 46 Mo. App. 452; Boyle v. Clark, 63 Mo. App. 473; Buschmann v. Bray, 68 Mo. App. 8; West v. Freeman, 76 Mo. App. 96. Under these decisions it was not only competent for plaintiff to prove the reasonable value of his services under his statement, but also to have recovered on *quantum meruit*.

Finding no error in the trial the case is affirmed. All concur.