SAM HERRICK, Respondent, v. D. J. MANESS, Appellant.

Springfield Court of Appeals, April 4, 1910.

1. JUSTICES' COURTS: Pleading: Express Contract: Quantum Meruit: Rule in Circuit Courts. In justices' courts, it is immaterial whether the plaintiff's cause of action is alleged to be on a *quantum meruit* or on an expressed contract, as the plaintiff has the right to recover even though his pleading be one on *quantum meruit*, and the evidence shows an express contract. The rule is different in actions commenced in circuit courts.

2. ———: ———: Suit for Commission: Sufficiency of Statement. In justices' courts the statute (R. S. 1899, section 3852) provides for three kinds of pleadings on the part of the plaintiff. In a case requiring a statement of the facts, it is proper to put it in the form of an account. In this case, a suit for a real estate broker's commission, the original and amended statements examined and both held to be sufficient.

3. REAL ESTATE BROKER: Commission: Procuring Purchaser: Evidence. In a suit by a real estate broker for commission for procuring a purchaser ready, able and willing to purchase on the terms authorized by the owner, the evidence is examined and held sufficient to entitle the plaintiff to go to the jury.

4. ———: ———: ———: Waiver of Owner to Require Contract. The general rule is that before a real estate broker can recover his commissions, he must show not only that he found a purchaser ready, able and willing to purchase upon the authorized terms, but he must produce the purchaser himself, or his written contract, unless the owner waives the latter by refusing to proceed further with the transaction.

5. **PLEADING: Defect of Parties Plaintiff: Proof of Partner-ship.** Although a son assisted his father in the real estate and transfer business, under the name of "Sam Herrick & Son," but the evidence does not show that the son had any interest in the business, and it appeared that he was paid a salary by the father; *held*, that the partnership was not proven, and the son was not a necessary party plaintiff in a suit by the father for a real estate broker's commission.

6. **APPELLATE PRACTICE: Amount Involved.** When a legal point is properly presented to the appellate court for review, the amount involved in *dollars and cents* is *no* excuse for the court's refusal to give the legal points a careful examination, and then to declare in its written opinion a finding thereon.

Appeal from Greene Circuit Court. — *Hon. G. A. Watson*, Special Judge.

AFFIRMED.

*Wright Brothers* for appellant.

(1) The statement does not state facts sufficient to constitute a cause of action. Zeidler v. Walker, 41 Mo. App. 121; Bailey v. Chapman, 41 Mo. 538; Sallee v. McMurray, 113 Mo. App. 265. (2) Plaintiff cannot sue on one cause of action and recover on another. Cole v. Armour, 154 Mo. 350; Wade v. Nelson, 119 Mo. App. 278; Laclede Const. Co. v. Iron Works, 169 Mo. 137; Koons v. Car Co., 203 Mo. 254; Hayden v. Grillo, 26 Mo. App. 295; Young v. Rushwedel, 119 Mo. App. 240. (3) Sam Herrick sues, while the evidence shows that Sam Herrick & Son, a partnership, were the agents. Bagnell Timber Co. v. Railroad, 180 Mo. 463; Vanhoosier v. Dunlap, 117 Mo. App. 529; Cole v. Armour, 154 Mo. 333; Bennett v. Mining Co., 111 Mo. App. 50; Powell v. Roberts, 116 Mo. App. 629; Tyrell v. Milliken, 135 Mo. App. 293. (4) Plaintiff must produce a valid written contract containing the terms of sale agreed on and signed by the party able to comply therewith, or to answer in damages if he should fail to perform. Gelatt v. Ridge, 117 Mo. 560; Hayden

v. Grillo, 35 Mo. App. 655; Love v. Owen, 31 Mo. App. 510.

*Patterson & Patterson* for respondent.

(1) A statement before a justice may authorize a recovery on a special contract or *quantum meruit* as the evidence may warrant. Buschmann v. Bray, 68 Mo. App. 8; Boyle v. Clark, 63 Mo. App. 473; Lemon v. Lloyd, 46 Mo. App. 452. (2) The rule is established by numerous decisions that "If an agent employed to sell real estate finds a purchaser who is both able and willing to purchase the real estate on the authorized terms, his right to commissions will not be impaired by default of his principal in refusing to consummate the sale." Reeves v. Vette, 62 Mo. App. 440; Gwinnup v. Sibert, 106 Mo. App. 712; McCray v. Pfast, 118 Mo. App. 672; Huggins v. Hearne, 74 Mo. App. 86; Rice v. Ruhlman, 68 Mo. App. 503; Hayden v. Grillo, 35 Mo. App. 647; Gelatt v. Ridge, 117 Mo. 553; Chipley v. Leathe, 60 Mo. App. 15; Perrin v. Kimberlin, 110 Mo. App. 661; Brown v. Smith, 113 Mo. App. 59.

GRAY, J.—This case had its origin in the justice of the peace court in Greene county, and after a trial before a jury in that court, in which the defendant was successful, an appeal was taken to the circuit court of that county and tried before Honorable G. A. WATSON, Special Judge, resulting in a verdict and judgment in favor of the plaintiff, and the defendant's appeal is now in this court.

Inasmuch as the question is raised concerning the pleadings, it may be stated that the plaintiff's claim, filed before the justice, was in the form of an account, and simply stated that the defendant was indebted to the plaintiff for real estate broker's commission on the sale of the property in question for $1900, and that

said commission amounted to $72.50. When the case reached the circuit court the defendant filed a motion to require the plaintiff to make his cause of action more specific. The record does not show that this motion was acted upon, but the plaintiff did file an amended statement in which he put his cause of action in the form of a statement of facts, in which it was stated that the property was sold for $1900, $300 cash and the balance in payments of $15 per month; that he produced a purchaser able, ready and willing to buy the property on the terms, but the plaintiff refused to consummate the sale, and that the customary commissions for such service amounted to $72.50, and prayed judgment therefor.

Defendant filed a motion to strike out this amended statement on the ground that it was a departure, and substantially changed the cause of action. The court overruled this motion, and the defendant excepted.

We gather from the defendant's contention in this court, that the first statement was an action on an account, and the second is a statement of facts, and the first is on a *quantum meruit* and the second on an express contract. Under the practice in this State in justices' courts, it is immaterial whether the plaintiff's cause of action is alleged to be on a *quantum meruit* or an express contract, as the plaintiff has the right to recover even though his pleadings be one of *quantum meruit* and the evidence shows an express contract. [Buschmann v. Bray, 68 Mo. App. 8; Walker v. Guthrie, 102 Mo. App. 420, 76 S. W. 675.]

This has been the rule in this State in actions before justices of the peace ever since Metz v. Eddy, 21 Mo. 13, wherein the court said: "This court will not look into any technical inaccuracies as to the name of the action, whether it be for work and labor, or an account for wages, or *quantum meruit*, or on special agreement. We shall not reverse for any such im-

perfections." The rule is different in actions commenced in the circuit court. [Lumber Co. v. Snyder, 65 Mo. App. 568.] But as we read the statement and the amended one, it cannot be said that either of them is upon an express contract as to the amount of the commission. This point is ruled against the appellant.

In actions commenced before a justice of the peace, the statute (sec. 3852) provides for three kinds of pleadings on the part of the plaintiff, as follows: If the suit is upon an instrument executed by the defendant, the same is to be filed. If upon an account, the account shall be filed, and in other cases, a statement of the facts constitute the cause of action, and the right in cases where a statement of the facts are to be filed, to put the same in the form of an account, has been expressly recognized. [Sone to use of Wallendorf, 187 Mo. l. c. 13, 85 S. W. 592.]

Measuring the original statement filed in this case with the rule laid down by the Supreme Court, it was good, and it was not necessary to file the amended one. The amended statement was for the same cause of action, to-wit: The commission for finding a purchaser for the defendant's property, and it is also a good statement of a cause of action filed before a justice of the peace. [Hammond v. Berkowitz, 123 S. W. 502; Jarrett v. Mohan, decided at the last term of this court.]

The testimony in behalf of the plaintiff is to the effect that the defendant came to his office and told him this property was for sale, and that he would sell it for $1900, $300 in cash and the balance in payments of $15 per month, and interest on deferred payments, and that at that time he listed the property upon his books. The plaintiff was permitted to read to the jury his book showing that on September 3, 1907, the property was listed with him for sale by the defendant on the above terms. The plaintiff found one Rathbun, a prospective purchaser for the property, and who, after

looking at it, agreed to buy it upon the terms above stated. Mr. Rathbun also paid to the plaintiff $100 on the purchase price, and testified that he was ready to take the property upon the above terms, and also offered testimony showing that his brother, Will Rathbun, was ready to let him have the additional money for the cash payment. In addition to this, he testified that he owned eighty acres of land, worth from $1600 to $2000, and an interest in a billiard hall worth $2350, and was also making a good salary. It may be said, however, that the farm was his homestead, and there was $900 encumbrance on the billiard hall. The evidence shows that the title to the property was in the defendant's wife, and when Mr. Rathbun was looking at the property she objected to selling it. It is claimed that because of her objections Mr. Rathbun made up his mind not to buy it, and therefore, that the plaintiff did not find a purchaser for the property so as to be entitled to his commission. His testimony upon that point, is as follows:

"Q. You concluded, then you did not want to buy it after she objected? A. I concluded if she didn't want to sell it, I didn't want to buy it.

"Q. And you came to that conclusion then and there, didn't you, when you and your wife were there Sunday? A. No, I never came to that conclusion there.

"Q. You didn't want the place at all and wouldn't have it? A. Not if they didn't want to sell it.

"Q. So you went away and left it and you afterwards got back your $100? A. Yes, I afterwards got back my $100.

"Q. When you and Will found that it wasn't for sale you concluded you did not want to buy it and weren't going to buy, you and Will turned and walked off? A. Yes, I think that Will said that the price— Will didn't like the price very much, and they didn't want to sell it, and I think I made up my mind I wouldn't take it."

This testimony was on cross-examination. On re-direct examination, the witness testified:

"Q. But you would have accepted this property if the details had been completed? State whether or not you had arranged for the purchase price, and if so, from whom you had arranged to get the entire purchase price? A. The only way I know about this thing is this, Sam Herrick had the property for sale and had it on his book, and I paid him $100 on it, and made him write down what that $100 was for, the whole thing to be paid him if I wanted to, and to pay him interest. All I know is I was willing to pay for it.

"Q. You had made arrangements with Will Rathbun to get the money to carry out your contract? A. Why of course, I couldn't have bought it without I had the money. I wasn't going to lose no $100.

"Q. The only reason you concluded you wouldn't buy that property was because you found out Mrs. Maness was objecting to the sale of it? A. That was all."

The defendant offered testimony denying that he had ever employed the plaintiff to sell the property, and that at no time was the plaintiff his agent for that purpose. The question, therefore, was one for the jury. It is sufficient for us to say that the plaintiff's case is supported by substantial testimony.

We are asked to reverse the judgment because of defect of parties plaintiff. The defendant insists that plaintiff's son was a partner and was not joined in the action. The plaintiff testified that the contract was made with him. On cross-examination, the following questions were asked him:

"Q. Who is engaged in the business with you? A. Myself and the assistance of my boy, if I need him.

"Q. You and your boy are engaged in the real estate business and transfer business? A. Yes, sir.

"Q. Under the name of Sam Herrick & Son? A. Yes, sir.

"Q. You say this was listed to you in September, 1907? A. Yes, sir.

"Q. You and your boy were in business then? A. Yes, sir.

"Q. You continued in the transfer business and the real estate business on up until now? A. Yes, sir.

"Q. You and your son under that name? A. Yes, sir.

"Q. You and your son were partners for two or three years? A. Yes, sir."

On cross-examination the witness testified:

"Q. What is the business relation that exists between you and your son? Explain to the court? A. Well, for instance, I want him to watch the business or the office, or to take care of the business when I am out, that is all he does in regard to the real estate business as far as doing anything.

"Q. Has anybody else got an interest in the business other than yourself? A. No, sir.

"Q. Does he share in the profits of that business? A. No, sir, he just draws a salary. He has no interest whatever."

There was some correspondence between the plaintiff and the defendant, and the letter-heads used by plaintiff contained the following: "Sam Herrick & Son, Transfer of all Kinds. Real estate Sold Exchanged." The defendant asked the following instruction which was refused by the court: "The court declares the law to be that if the court shall find from this evidence that the firm of Sam Herrick & Son was the agent dealing with the defendant, then the plaintiff cannot recover."

The evidence discloses that the respondent and his son were in the business, real estate and transfer business, but there is no evidence that the son had any interest in the business. The testimony is that his

father paid him a salary. Under these circumstances, the son was not a necessary party to this suit.

The appellant finally insists that before plaintiff was entitled to a commission he had to produce a valid and written contract containing the terms of sale agreed on and signed by the party able to comply therewith; or that he had to bring the vendor and vendee together, and the latter able, willing and ready to take the property on the terms of the vendor.

In support of this contention he asked the following instruction: "The court declares the law to be that it is incumbent upon the plaintiff, before he can recover in the action, to show by a preponderance of the evidence that the defendant authorized him to sell the property and that he delivered a valid written contract containing the term of sale agreed on and signed by J. W. Rathbun, and must further show that said Rathbun was able to comply with the terms of the contract, or to answer in damages if he should fail to perform, or, plaintiff must show that he brought the defendant and said Rathbun together as vendor and vendee and that Rathbun offered to purchase on the terms authorized by the defendant."

The above is the general rule, but these requirements may be dispensed with by the act of the vendor. Where the broker informs the owner that he has found a purchaser ready and willing to make the purchase, and the owner refuses to proceed further with the contract, the agent is relieved from the necessity of proceeding further. The law does not require a man to do a useless thing. This doctrine is clearly and properly declared in the case of Hayden v. Grillo's Administrator. That case was three times in the courts of appeals, and is reported in 26 Mo. App. 290, 35 Mo. App. 647, and 42 Mo. App. 1.

In that case the firm of real estate brokers sued the defendant for commission for selling his real property. In the first trial there was no evidence that the

prospective purchaser was ready, able and willing to take the property. The evidence simply disclosed that the plaintiffs represented to the defendant that they had made a sale and requested a deed, which the defendant refused to make. The case was reversed and remanded because of the failure to so prove the ability of the purchaser.

On the second appeal the court said: "The general rule unquestionably is, that before a real estate broker can recover his commissions, he must show not merely that he produced one who offered to purchase the property on the terms agreed upon with his principal, but that he produced one who was both ready and able to purchase it upon such terms. The purchaser himself, or his written contract, must be produced, because the law does not require the vendor to rely on the word of the broker. But these conditions may be waived by the owner of the property, by an unqualified and absolute refusal to complete the contract, when advised by the broker that a purchaser has been found. Because the law would not require the broker to go to the trouble of obtaining a written contract or of producing the purchaser when the owner refuses to sell for other reasons."

The last time the case was before the court, the doctrine in such cases was announced in the following language: "A real estate broker is entitled to recover his commission from the person who employs him to negotiate a sale of real estate: First. He must get a contract of purchase from a solvent purchaser, capable of being enforced in law. Or, second, he must produce to his principal a person who is at once willing and able to make the purchase. But, third, these two requirements may be dispensed with by the act of his principal, where the broker notifies the principal that he has found a solvent person, who is ready and willing to make the purchase (such being the fact), or

that he has procured from a solvent purchaser a con-
tract of purchase, and his original principal refuses to
proceed further with the transaction, or to conclude
the sale, without requiring either the production of
the purchaser or the contract of purchase. In this last
case the principal, by his own conduct, relieves his
broker from the necessity of proceeding further. He
puts himself exactly in the position of a man who is
entitled to have a tender made to him, but who an-
nounces in advance to the person, who stands under
the legal obligation of making the tender, that he will
not accept it. In such a case he waives the tender,
and the rights of the party stand in law exactly as
though the tender had been made and refused."

The instruction asked by the defendant and re-
fused by the court ignored the question of waiver, and
for that reason was rightfully refused.

The evidence discloses that this sale would have
been made had it not been for the fact that defendant's
wife refused to sign the deed. This is no defense.
[Herrick v. Woodson, just decided by this court; Mc-
Cray v. Pfost, 118 Mo. App. 672, 94 S. W. 998.]

This opinion is seemingly subject to criticism for
its length, when considered that less than $100 is in-
volved, but counsel for the appellant have, with ability
and great pains, briefed the case at length, and have
earnestly submitted for our consideration all the points
above mentioned, and as said by the Presiding Judge
of this court in the case of Herrick v. Woodson, supra:.
"It is true that in this case there is not a large amount
at stake; but we know of no rule which classifies legal
principles according to the amount involved, applying
one set to the big cases and the other set to the small
cases. We read the law as written that every litigant,
no matter how insignificant the amount of his claim,
stands on the common platform of justice when he
enters the court, and is the equal of every other litigant
in the protection he will receive and the law by which

he will be tried; that all are entitled to their day in court under the equal protection of the same law, with a remedy afforded for every injury to person, property or character."

When a legal point is properly presented to the appellate court for review, the amount involved in dollars and cents is no excuse for the court's refusal to give the legal points a careful examination, and then to declare in its written opinion the finding thereon. If criticism be made, our answer thereto shall be that we have, to the best of our ability, examined into the legal questions raised by appellant, leaving out of view the amount involved in dollars and cents, and the conclusion we have reached upon these legal propositions are set forth in this opinion. The premises being considered, we find no substantial error committed by the trial court, and its judgment will be affirmed. All concur.