Wanda PARRETT, Executrix of the Estate of Leona M. Loughridge, Deceased, Plaintiff-Appellant,

v.

INTEGON LIFE INSURANCE COMPANY, Defendant-Respondent.

No. 11416.

Missouri Court of Appeals, Southern District, En Banc.

Nov. 16, 1979.

Harold L. Henry and Don M. Henry, Henry, Henry & Henry, West Plains, for plaintiff-appellant.

Kenneth A. Wagoner, Moore & Brill, West Plains, for defendant-respondent.

PREWITT, Judge.

Plaintiff Leona M. Loughridge appealed from a dismissal of her petition. While this appeal was pending, plaintiff died and her executrix was substituted for her. Plaintiff's action sought money damages for nonpayment of a life insurance policy. She requested trial by jury, which was denied for her failure to comply with Shannon County Circuit Court Rule 6. It provided as follows:

"6. IN ALL CIVIL CASES FOR TRIAL BEFORE A JURY, it will be necessary to post a good and sufficient bond for costs or deposit a minimum of $100.00 with the Clerk in addition to the regular filing fee at least five days before the Jury is to be called."

Before calling a jury, the circuit clerk requested a $500 bond or $100 in cash. Plaintiff did not post either. At the time set for the trial, plaintiff appeared and again requested a jury and contended that Rule 6 was invalid as being in violation of Rule 69.01, V.A.M.R. Plaintiff refused to proceed to trial without a jury and the court dismissed plaintiff's petition.

The question before us is the justification for refusing to call a jury for noncompliance with this rule. Noncompliance did not prevent plaintiff from proceeding with her suit but did prevent her from being allowed a jury trial. The effect is a compulsory waiver of jury trial, unless the bond or deposit is made. Section 510.190, RSMo 1978 and Rule 69.01, V.A.M.R., provide for waiver of a jury trial. Neither require any deposit as a condition to receiving a trial by jury. Circuit judges may make rules "not inconsistent with the rules of the supreme court". Mo.Const. art. V, § 15.1. Rule 50.01, V.A.M.R., allows trial courts to make rules "if the rules are not inconsistent with the rules of this Court [Supreme Court of Mo.], the Constitution or statutory law in force." Trial courts cannot make and enforce a rule that would deprive a party of a right given him by law or that grants him that right upon terms more onerous than fixed by law. *Wade v. Wade*, 395 S.W.2d 515, 518 (Mo.App.1965).

In *Meadowbrook Country Club v. Davis*, 421 S.W.2d 769 (Mo. banc 1967), a circuit court rule was held invalid. That rule required a party requesting a jury trial of an appeal from the magistrate or municipal courts to file a written request for a jury trial and deposit $15.00 with the circuit clerk within 30 days of the filing of the transcript on appeal. The rule provided that failure to do so was a waiver of trial by jury. The supreme court held that the methods of jury waiver prescribed by § 510.190, RSMo 1959 and Rule 69.01(b), V.A.M.R., were exclusive under the facts there presented, and the local rule was held to be in contravention of that statutory section and supreme court rule, as imposing terms more onerous than there required.

Defendant contends that no constitutional question may be raised by plaintiff because it was not presented at the earliest possible time. While recognizing the existence of the constitutional right to a jury trial, the court in *Meadowbrook Country Club* expressly did not decide the case on that basis. 421 S.W.2d at 771–772. Also see the prior opinion transferring the case to the St. Louis Court of Appeals. *Meadowbrook Country Club v. Davis*, 384 S.W.2d 611 (Mo.1964). Our opinion here is not based upon any constitutional consideration.

■ Defendant and the trial court felt that Rule 6 was justified as a deposit for security for costs. Plaintiff claimed to be a resident of Missouri. Rule 77.02, V.A.M.R., provides for security for costs by resident claimants. Under that rule, if the court is "satisfied" that certain conditions exist, it can require security for the payment of the costs. No such finding was required by Rule 6 or made here. Rule 6 makes an absolute requirement of the bond or deposit. Nor does Rule 6 have any relationship to the jury costs that may be assessed in the action. Section 494.160, RSMo 1978, provides that when a jury serves in a civil case "there shall be taxed against the unsuccessful party and collected as costs the sum of twelve dollars as jury fees".

■ Costs did not exist at common law, and their allowance is a creature of statute. *Heiden v. General Motors Corporation*, 567 S.W.2d 401, 403 (Mo.App.1978); *McClue v. Epsten*, 492 S.W.2d 97, 98 (Mo. App.1973). Statutes allowing taxation of costs are strictly construed. *Dorn-Chrysler Plymouth, Inc. v. Roderique*, 487 S.W.2d 48, 49 (Mo.App.1972). No item is taxable as costs unless specifically so provided by statute. *McClue v. Epsten*, supra, 492 S.W.2d at 98. In *Dorn-Chrysler Plymouth, Inc.*, the court found no statutory authority for taxing civil jury costs other than § 494.160, RSMo 1969. It held improper an order taxing $147.49 for jury fees and mileage where the case was settled on the day of the trial before a jury was sworn.

■ Defendant also contends that relief was available to plaintiff under Rule 77.04, V.A.M.R., by seeking authorization to sue as a poor person. She did not do this, and we do not know if she would have qualified, although the record indicates she may have. However, if Rule 6 is invalid, a party should not have to claim to be a poor person to avoid it. Nor should one, even with the means to post such a bond or cash, have to do so to have a jury trial; unless the rule requiring it bears a reasonable relationship to taxable costs created by trial by jury, and there is the necessary finding to require security for costs as provided in Rule 77.02, V.A.M.R.

■ We believe that Rule 6, as here applied by the court, forced a jury waiver upon plaintiff contrary to the statutes and supreme court rules of Missouri and cannot be justified on the basis of a security deposit. As with the rule held invalid in *Meadowbrook Country Club v. Davis*, supra, it imposes terms more onerous than those statutes and rules. We find that Rule 6 is invalid as it is inconsistent with § 510.190, RSMo 1978 and Rule 69.01(b), V.A.M.R.

We are mindful of the financial problems that many counties in this state suffer and recognize that jury fees and costs can create a substantial burden upon these counties. However, we are bound by the statutes and the supreme court rules and deci-

sions. The problem cannot be corrected by local court rule inconsistent with Missouri statutes and supreme court rules.

The judgment of dismissal is reversed and the cause remanded for reinstatement on the trial court's docket.

Defendant's motion to dismiss the appeal, which was taken with the case, is overruled. We believe that plaintiff's Point I, upon which we decide this appeal, sufficiently alleged "wherein and why" the trial court erred. Rule 84.04(d), V.A.M.R.

All concur, except HOGAN, J., recused.