**WELEK REALTY, INC., Respondent,**

v.

**E. N. JUNEAU and Marilyn Juneau, Appellants.**

**No. 11255.**

Missouri Court of Appeals, Southern District, Division Four.

March 17, 1980.

---

5. For the effect of a note, when one *is* given, on the underlying obligation see § 400.3–802.

William Icenogle, Icenogle, Casteel, Drover & Icenogle, Camdenton, for appellants.

Mark A. Shank, John E. Curran, Curran & Loraine, Osage Beach, for respondent.

NORWIN D. HOUSER, Senior Judge.

Action by Welek Realty, Inc. against E. N. and Marilyn Juneau for a real estate commission. Tried to the court without a jury, judgment was entered for plaintiff and defendants appeal.

There was substantial evidence to support the following findings of fact:

On Saturday, July 23, 1977, defendants, residents of Granite City, Illinois, signed a three-month listing contract giving plaintiff the exclusive right to sell a house the defendants owned in the Lake of the Ozarks area of Missouri. With Mr. Juneau's permission, plaintiff showed the property on July 23, the same day the contract was signed, and showed the property a second time the next morning, July 24. Neither showing resulted in a sale. In the late afternoon of July 24, after defendants had left to return to their home in Illinois, plaintiff showed the house to Joe Lawrence, who on that date signed a contract to purchase, for cash in the sum of $49,500—the selling price set forth in the listing contract. On July 24 the purchaser paid plaintiff $500 earnest money. Mr. Welek, president of plaintiff corporation, had several long distance telephone conversations with Mr. Juneau, who orally assented to the contract, asking however that Mr. Welek obtain additional escrow money in the sum of $1,500. Mr. Lawrence paid plaintiff the additional $1,500. The contract to purchase, signed by Mr. Lawrence, was mailed to Mr. Juneau on July 25. Defendants received the contract but did not sign it or proceed with the sale of their house, having changed their minds about selling the place. They decided not to sell, and so informed Mr. Welek. Mr. Lawrence, upon defendants' refusal to perform, threatened through his attorney to sue defendants for specific performance. Shortly thereafter Mr. Lawrence purchased another home in Camden County. Mr. Welek demanded that defendants pay the commission provided for in the listing contract. Upon defendants' failure and refusal to pay plaintiff filed this action.

On appeal defendants make two points: First, that plaintiff produced no evidence that the buyer, Mr. Lawrence, possessed the financial ability to buy on the terms set out in the listing contract; second, that no consideration was given defendants for the listing, because defendants cancelled the listing contract before plaintiff had expended any time or money in its performance, and therefore incurred no liability to plaintiff. Neither point has merit.

■ On the question of ability of Mr. Lawrence to complete the purchase: It is fundamental that in order for a real estate agent to earn a commission for the sale of property he must produce a buyer ready, *able* and willing to buy on the terms agreed to by the owner.

That Mr. Lawrence was ready and willing to buy the property was established without peradventure of doubt. He inspected the property, agreed to buy, signed a contract of purchase on the terms of the listing agreement, put up $500 earnest money, deposited an additional $1,500 earnest money upon request, threatened to sue defendants for specific performance when they refused to sign the purchase agreement, and shortly thereafter purchased other property in the area.

In a contested case of this nature the agent ordinarily must also prove the prospective buyer's financial ability to consummate the transaction. The word "able" in this context refers to financial ability. *Weber v. Larkin,* 380 S.W.2d 956 (Mo.App. 1964). The owner's right to require such proof, however, may be waived, and is waived when the owner changes his mind and unqualifiedly and absolutely refuses to complete the contract of purchase. In that case the agent is relieved of the necessity of going forward or proceeding further, since the law does not require the doing of a useless thing. Where the agent notifies the owner "that he has found a purchaser ready and willing to make the purchase, and the owner refuses to proceed further with the contract, the agent is relieved from the necessity of proceeding further" and has earned his commission. *Herrick v. Maness,* 142 Mo.App. 399, 127 S.W. 394, 396 (1910); *Hayden v. Grillo,* 35 Mo.App. 647 (1889). See and compare *Mitchell v. Philippi,* 359 Mo. 754, 223 S.W.2d 441 (1949), in which the court held no proof of tender necessary, "[since] he put his refusal upon other grounds." (223 S.W.2d l. c. 445). The owners may not defeat the agent's right to a commission under these circumstances by refusing to consummate the transaction on the ground that they changed their minds and decided not to sell.

In addition to the factor of waiver there is the following record evidence of Mr. Lawrence's financial ability: He paid a total of $2,000 as earnest money. He consulted an attorney and threatened defendants with a suit for specific performance if they refused to convey the property (which Mr. Lawrence could not have maintained without the financial ability to perform his obligations under the contract). He purchased another home in the area shortly after defendants refused to perform.

Parenthetically, defendants are in a poor position now to object to lack of proof of Mr. Lawrence's financial ability, because at the trial they prevailed upon the trial court to sustain their objections to testimony offered by plaintiff as to his financial ability, and plaintiff's offer of proof on that subject.

■ On the question of consideration: Defendants claim they revoked plaintiff's agency and cancelled the listing contract before plaintiff expended any time or money in an attempt to produce a buyer; that until such time as a real estate agent has expended time and money in an effort to find a buyer the owner can terminate a listing agreement (even an exclusive three-month listing) without incurring liability, because until that time there has been no consideration to support the owner's agreement not to revoke the agent's authority; that mere permission for the agent to sell property within a specified time, without any consideration or expenditure of time or money on his part is "nudum pactum which may be revoked at any time." 12 Am. Jur.2d Brokers § 56; *Burwell v. Lantz,* 210 Mo.App. 51, 240 S.W. 471 (1922); *Chamberlain v. Grisham,* 360 Mo. 655, 230 S.W.2d 721 (1950). Defendants testified, and now claim, that plaintiff did not show the property on July 23, as testified to by Mr. Welek, and that defendants notified Mr. Welek on the morning of July 24 that they were cancelling the listing, before the property was shown to anyone, and before plaintiff had expended any time or money in an attempt to sell the property. This testimony was in direct conflict with that of Mr. Welek, who testified that the property was shown to prospective buyers on July 23, and

again on the morning and in the afternoon of July 24; that defendants did not advise him on July 23 or July 24 that they were not going to sell the house and were cancelling the listing contract, and did not so advise him until "at least July 28." This conflict in the evidence was for the trial judge to determine as trier of the facts. He resolved the conflict in favor of plaintiff, and we defer to his superior opportunity to judge the credibility of the witnesses on this issue. Additional evidence of consideration is found in the fact, which we find, that in order to get the listing Mr. Welek gave up a $200 appraisal fee; made four long distance telephone calls to defendants, prepared the purchase contract, obtained the $500 down payment as earnest money, and at the request of Mr. Juneau obtained from Mr. Lawrence an additional $1,500 earnest money.

There is substantial evidence to support the judgment of the circuit court that plaintiff earned its commission by producing a buyer ready, able and willing to purchase on the terms of the listing agreement, and by offering defendants a contract of purchase executed by the prospective purchaser. The judgment is affirmed.

FLANIGAN, C. J., and MAUS, GREENE and PREWITT, JJ., concur.