C. B. C. REALTY, INC., a Missouri Corporation, Respondent,

v.

Eldon L. FISHER and M. Marie Fisher, his wife, Appellants.

No. WD 31559.

Missouri Court of Appeals, Western District.

Aug. 18, 1981.

John L. Port, Windsor, for appellants.

John E. Casey, Brookfield, for respondent.

Before KENNEDY, P. J., WASSER-STROM, C. J., and SHANGLER, J.

KENNEDY, presiding Judge.

Plaintiff C.B.C. Realty had a verdict and judgment against defendants Fisher for a real estate commission in the sum of $6,250. After an unavailing motion for a new trial defendants have appealed to this court.

Defendants claim as trial error the court's allowing the plaintiff to file an amended petition just before the beginning of the trial, and denying to the defendants a continuance because of the amendment; and the court's denial of their motion for directed verdict at the close of all the evidence.

We disallow defendants' points and affirm the judgment.

We first take up the sufficiency of the evidence to support the verdict. This requires a statement of the facts, which we will recount from the evidence tending to support the verdict, omitting contrary evidence. *Carter v. Boys' Club of Greater Kansas City*, 552 S.W.2d 327, 329[2] (Mo. App.1977); *Abraham v. Johnson*, 579 S.W.2d 734–735 (Mo.App.1979).

Defendants on August 30, 1976, listed with plaintiff C.B.C. Realty their Brookfield residence for sale for $110,000. The agreed commission would be 5 percent of the sale price. On July 1, 1978, George Crooks, president of plaintiff, called Mr. Fisher and asked if he might show the house to a couple of prospective purchasers, Mr. and Mrs. McCollum, who were then in his office. Mr. Fisher agreed but said the price was $125,000.

Mr. Crooks took the McCollums to the Fisher house that day, and they made two other inspection visits to the house during the next week. After a week's negotiation, and the rejection of an offer of $110,000 or $117,500, which amount is not clear, McCollum agreed to purchase the house for $125,-000. Crooks took to Fisher a contract which had been signed by the McCollums.

Fisher declined to sign the contract at that time. "I'm not gonna sign it," he said, "because if people find out I sold my house, then they will try to beat me down on my drug store and my clothing store". The Fishers owned a pharmacy and a western wear store in Brookfield at the time, which were also for sale.

Crooks left the contract with Fisher.

A week later when Crooks called Fisher, Fisher said "he was going to let Neal (McCollum) have it, but he just didn't want the word out that he had sold his house, because of being able to get rid of the drug store and the clothing store."

After the passage of 60 or 90 days, and repeated contacts by Crooks, Crooks returned to the McCollums the $1,000 earnest money check which they had deposited with him.

C.B.C. then sued the Fishers for its 5 percent sales commission, which culminated in the verdict and judgment now under attack.

1. *Sufficiency of evidence to support verdict—offer to purchase at meeting sellers' terms.*

■ In support of their claim that they were entitled to a directed verdict at the close of all the evidence in the case, defendants argue that McCollums' offer to purchase, represented by the contract presented to them by Mr. Crooks, was not in accordance with the terms of the original listing. They say therefore that C.B.C. did not produce a buyer on the sellers' terms, hence did not become entitled to a commission. *See Jones v. Hill,* 18 S.W.2d 382 (Mo. 1929). Defendants point to the personal property which was included in the McCollum contract offer, which was not included in the original listing, namely, a wet bar, pool table and equipment, dog house, a humidifier and a dehumidifier. There was testimony, however, which the jury was entitled to believe, that Mr. Fisher orally agreed with the McCollums during their negotiations that these particular items (except for the wet bar, which Mr. Crooks testified was a fixture permanently attached to the house), were to remain with the house and were to be included with the sale. That they were not in the original listing memorandum does not defeat the broker's claim, so long as the owner agreed to their inclusion during his negotiations with the prospective purchaser.

Defendants say also that the proposed sale contract included a vacant lot adjoining the lot on which the house was located, which had been purchased by the Fishers after the 1976 listing and was not included in the listing. Mr. McCollum testified, however, that when he inquired about the boundaries of the property, Fisher showed him the physical boundaries which included the additional lot. There was no visible boundary between the two lots. Once again, the fact that the additional lot was not included in the original listing is not critical to the broker's commission claim, if the owner agreed to its inclusion in his negotiations with the purchaser. There was, as noted, evidence of such agreement, which the jury was entitled to believe.

■ As a third point, Fishers say their agreement to sell the house was contingent upon the prior or contemporaneous sale of their western wear store and another house which they owned. Both Crooks and the McCollums deny, however, that the agreement to sell was conditioned upon the disposition of the other two properties. The conflict in the evidence was for the jury to resolve, *Clayton Brokerage Co. of St. Louis, Inc. v. Lowrance,* 592 S.W.2d 218, 228 (Mo. App.1980), and they resolved it in favor of plaintiff's version.

2. *Sufficiency of evidence—buyers' financial ability to perform contract.*

Defendants say that the plaintiff failed in showing another necessary link in their case, i. e., that the McCollums were financially able to perform the contract. They did not raise that question at the time the contract was presented to them or at any later time, *see Welek Realty, Inc. v. Juneau,* 596 S.W.2d 495 (Mo.App.1980), and McCollum himself testified that they were financially able to perform. The financial ability of the McCollums to perform the contract was thus prima facie proved. There was no contrary evidence.

■ In sum, we hold that the plaintiff prima facie proved that it had produced a buyer ready, willing and able to purchase on the sellers' terms, and had thereby earned its commission. *Kelly v. Craigmiles,* 460 S.W.2d 577 (Mo.1970). It does not de-

feat the broker's claim that the proposed sale was on terms different from those originally proposed by the seller, but were on terms later assented to by the sellers after negotiation with the prospective buyers. *Kelly v. Craigmiles,* supra; *Shephard v. Hunter,* 508 S.W.2d 234 (Mo.App.1974); *McIntyre v. Emmenegger,* 355 S.W.2d 351 (Mo.App.1962). The court therefore correctly denied defendants' motion for directed verdict at the close of all the evidence.

3. *Amendment of pleadings—continuance.*

Next, defendants claim they are entitled to a new trial because the court on the morning of the trial allowed the plaintiff to file its second amended petition, then denied defendants a continuance. The amended petition added the allegation that defendants intended Lot 27 (the adjoining vacant lot which had not been included in the original listing) as well as Lot 28, to be included in the sale to McCollums for the $125,000 price. The subject had been thoroughly explored in the depositions. Defendants' claim of surprise is not convincing. They do not suggest any additional evidence which additional time might have turned up. The allowance of the amendment and the denial of the continuance were within the trial court's discretion. *Parsons Construction Co. v. Missouri Public Service Co.,* 425 S.W.2d 166, 174 (Mo.1968); *Clayton Brokerage Co. of St. Louis, Inc. v. Lowrance,* supra, 592 S.W.2d at 225; *Wallick v. First State Bank of Farmington,* 532 S.W.2d 520, 522[1, 2] (Mo.App.1976). We hold that the trial court did not abuse its discretion in either ruling. *Clayton Brokerage Co. of St. Louis, Inc. v. Lowrance,* supra; *Derboven v. Stockton,* 490 S.W.2d 301 (Mo.App.1972); *McCollum v. Shubert,* 185 S.W.2d 48 (Mo.App.1944).

The judgment is affirmed.