**Larry J. GRIMES, Plaintiff-Respondent,**

**v.**

**Victor BAGWELL, Defendant-Appellant.**

**No. 14742.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 24, 1987.

that the trial court had overruled the defendant's motion for new trial, but through "inadvertence and/or mistake" a docket entry was entered indicating that the motion was sustained. On February 3, 1986, the trial court found that its docket entry of July 6, 1984 was erroneous and ordered that the docket entry be corrected to show that the motion for new trial was overruled. Defendant appeals from that order.

■ The purpose of a nunc pro tunc entry is to correctly show upon the records of the court a judgment, decree or order actually made by the court, but for some reason not entered at the proper time. *Abbott v. Seamon*, 229 S.W.2d 695, 700 (Mo. App.1950).

■ To justify sustaining a motion for a nunc pro tunc order there must be corroboration from another source in the court's records or papers. *City of St. Louis v. Essex Inv. Co.*, 356 Mo. 1028, 204 S.W.2d 726, 729 (1947). A nunc pro tunc order must be based on the judge's minutes, the clerk's entries, or some papers or files in the case, and not upon the judge's recollection of what took place or upon outside evidence. *Campbell v. Spotts*, 331 Mo. 974, 55 S.W.2d 986, 989 (1932); *Ackley v. Ackley*, 257 S.W.2d 401, 403 (Mo.App. 1953). See also *Levy v. Winans*, 464 S.W.2d 763, 764 (Mo.App.1970) (entry of judgment nunc pro tunc must "be based upon written records or memoranda").

■ Acknowledging that there must be corroboration to support the nunc pro tunc order, plaintiff's brief says that there is corroboration as "the court signed the formal judgment for Plaintiff some time after Defendant had submitted his Motion for new trial." Plaintiff's brief also states: "It is Respondent's position that had the court actually granted the New Trial Motion, it certainly would not have entered formal judgment for Plaintiff as it did."

The jury verdict was received on April 27, 1984. Defendant's motion for new trial was filed May 2, 1984. By letter dated May 4, 1984 plaintiff's attorney sent a proposed judgment dated the 27th day of

John P. Heisserer, Richey, Price, Spaeth and Heisserer, Cape Girardeau, for plaintiff-respondent.

Ted M. Henson, Jr., Poplar Bluff, for defendant-appellant.

PREWITT, Presiding Judge.

Plaintiff sued defendant for malicious prosecution. Following a jury trial plaintiff received a verdict in his favor. Thereafter, defendant filed a timely motion for new trial which a docket entry states that the trial court sustained on July 6, 1984.

On November 8, 1985, plaintiff filed a motion for a nunc pro tunc order alleging

April, 1984 to the court, which the trial judge apparently signed thereafter. The motion for new trial was heard on July 6, 1984 and a docket sheet entry, dated that day and initialed by the trial judge, stated: "The Court being fully advised and informed, sustains Motion for New Trial." The legal file contains a letter dated July 6, 1984 from a clerk of the court advising the attorneys of record that the judge sustained the motion for new trial.

When the trial judge actually signed the judgment is not apparent from the record. It very well may have been signed before the hearing on the motion for new trial. However, whenever he did so, the signing does not indicate that the trial judge had or intended to overrule the motion for new trial.

Entering the judgment was a part of the trial judge's or his staff's duties, even if the motion for new trial was pending. Under Rule 78.04, in a jury trial, "judgment shall be entered as of the date of the verdict." That the trial judge signed the judgment does not corroborate the nunc pro tunc order. Plaintiff does not contend that there was anything else in the court's files or records indicating that the trial court denied the motion for new trial.

The trial court's order purporting to change the entry of July 6, 1984 is reversed and the matter is remanded to the trial court with directions that it set aside the order appealed from and enter an order denying plaintiff's motion for an order nunc pro tunc, and thereafter conduct such further proceedings as are necessary in accordance with the grant of a new trial.

FLANIGAN and MAUS, JJ., concur.

HOGAN, J., not participating.