**Larry J. GRIMES, Plaintiff–Respondent,**

v.

**Victor BAGWELL,
Defendant–Appellant.**

**No. 16817.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 15, 1991.

Ted M. Henson, Jr., Poplar Bluff, for defendant-appellant.

John P. Heisserer, Richey, Price, Rice, Spaeth and Heisserer, Cape Girardeau, for plaintiff-respondent.

PARRISH, Presiding Judge.

This is an appeal of a judgment entered by the circuit court after refusing to call a jury because appellant (the defendant before the trial court)[1] failed to post a $500 "cost bond." This court reverses and remands the case for a new trial.

A prior trial of this case was appealed to this court. That appeal resulted in the case being reversed and remanded for further proceedings consistent with a disputed circuit court order that had granted a motion for new trial. *Grimes v. Bagwell*, 728 S.W.2d 688 (Mo.App.1987). Thereafter, an August 24, 1988, trial date was set. On July 21, 1988 (three days after the August 24 trial date was announced), plaintiff filed a pleading entitled Motion for Cost Bond in

1. The parties will be identified, for convenience, by their designations before the trial court.

which he acknowledged the trial date and stated:

That Petitioner is informed that Defendant is desirous of having a jury determine this case and that the ends of justice will be served if the Defendant is required to post the bond securing the cost in connection with any formal request he may make for a jury trial....[2]

The motion requested "[t]hat [the trial] Court enter an Order requiring Defendant to post a reasonable bond securing expenses associated with any jury trial had in the above styled cause." On July 25, 1988, the associate circuit judge to whom the case was assigned for trial caused a copy of a letter from him to the attorney for defendant, dated July 22, 1988, to be filed with the circuit clerk. A copy of that letter is included in the legal file that is part of the record on appeal before this court. The letter stated:

Mr. Ted M. Henson, Jr.
Attorney at Law
413 Poplar Street
Poplar Bluff, MO 63901
RE: Grimes vs. Bagwell
    Case No. CV383–553CC
Dear Ted:

I intend on granting the motion for cost bond requested by the Plaintiff. The Supreme Court Rule allowing this is 77.02 and the case setting out the requirements is *Parrett v. Integon Life Ins. Co.* Mo.App., 590 S.W.2nd 411 [1979].

Incidently, I don't care if no other judge has required this of a defendant you have represented. I think the law gives me this authority.

Now you may research this point and send me your argument by August 15th, 1988. On the alternative you may submit sufficient proof to the court to prove that Mr. Bagwell could pay for the jury costs if he were to lose.

I intend on setting the cost bond at $500.00 at this point if a jury is called. I understand the Plaintiff has already posted a cost bond. If not, I would re-

quire one of Plaintiff also on your request if your Defendant posted his cash bond.

        Yours truly,
        Edward C. Graham
        Associate Circuit Judge
ECG/amb
cc: Mr. John Heisserer
    Mr. Lynn Ingram, Circuit Clerk

Copies of the trial court's docket sheets that are also part of the legal file show the following docket entry dated August 17, 1988:

Cost bond ordered sustained against Defendant; $500.00 cost bond ordered filed by Defendant by Aug. 22, 1988 before jury will be called.

The legal file also includes a copy of a letter from the circuit clerk addressed to the defendant's attorney, with a copy shown as being sent to the attorney for plaintiff, quoting the docket entry and advising the attorneys that it had been entered. The circuit clerk's letter was dated August 17, 1988.

There were no further docket entries until May 24, 1989.[3] The May 24 entry stated, "Parties ordered to proceed by September 1, 1989," or the case would be dismissed. A June 6, 1989, docket entry stated that the case was set for trial "August 25, 1989 at 9:30 a.m." There is a docket entry dated August 25, 1989, that stated:

Plaintiff appears by attorney, John Heisserer

Defendant appears by attorney Ted Henson;

Defendant's Oral Motion for jury trial and written application for change of venue denied; case submitted by agreement on transcript and written arguments and exhibits offered at trial; written arguments to be filed by 30 days and any replies within 10 days thereafter.

On December 27, 1989, the trial judge filed a written order that recited that the case was "submitted on the transcript of the previous jury trial ... held on April 4, 1984 and the written arguments of counsel, John Heisserer for the Plaintiff, Larry

---

2. *The original trial of this case was with a jury.*

3. There is no explanation of why the trial was not held August 24, 1988.

Grimes, and Ted Henson for the Defendant, Victor Bagwell." The order included a judgment for plaintiff for actual damages in the amount of $3,500 and taxed costs to the defendant.

■ Defendant, by this appeal, argues that the trial court erred in not allowing him a jury trial. He argues that the order whereby the trial court required him to post a $500 bond in order to receive a trial by jury was erroneous. This court agrees.

The trial court predicated its order requiring the defendant to deposit a $500 cost bond on Rule 77.02 that states:

> The court may require a party to furnish adequate security for anticipated costs. If the security for costs is not furnished as ordered, the court may dismiss the civil action or order other appropriate relief.

The propriety of a requirement that a bond be posted in a civil case in order to receive a jury trial was the subject of *Parrett v. Integon Life Ins. Co.*, 590 S.W.2d 411 (Mo.App.1979). In *Parrett*, pursuant to a local court rule, a plaintiff was required to post a bond or to deposit $100 in order to obtain a jury trial. This court held that such a requirement "forced a jury waiver upon plaintiff [in *Parrett* ] contrary to the statutes and supreme court rules of Missouri and cannot be justified on the basis of a security deposit." *Id.* at 413. Or, as stated in *Parrett* at l.c. 412, "Trial courts cannot make and enforce a rule that would deprive a party of a right given him by law or that grants him that right upon terms more onerous than fixed by law." This is equally apropos to the situation in this case whereby a deposit or "cost bond" was required in order to receive a trial by jury as a result of a court order that ruled on a pending motion. The effect of such an order is no different than the effect of the local court rule in *Parrett*. The right to a jury trial in a civil case is established by Mo. Const. art. I, § 22(a). Absent that right being waived by a party, a trial court may not deny his or her right to a jury trial in a civil case otherwise triable by a jury.

■ Plaintiff claims, however, that defendant did waive his right to a jury trial. Plaintiff claims this was done after the request for jury trial was denied by the trial court "by entering into a Stipulation that the Court hear the matter based upon the prior trial transcript and Exhibits" and "agreeing to submission of arguments to the Court." Plaintiff also argues that defendant waived his right to a jury trial by appearing "for trial via his attorney and not in person." Plaintiff points to the trial court's docket entry made the day of trial. Plaintiff contends that the August 25, 1989, docket entry (heretofore quoted) establishes facts amounting to defendant's waiver of a right to jury trial.

The trial court's order in which it granted judgment for plaintiff also addressed the fact issues upon which plaintiff relies. The order stated:

> The above case is submitted on the transcript of the previous jury trial of this case held on April 4, 1984 and the written arguments of counsel, John Heisserer for the Plaintiff, Larry Grimes, and Ted Henson for the Defendant, Victor Bagwell.

In *Meadowbrook Country Club v. Davis*, 421 S.W.2d 769 (Mo. banc 1967), the court held that the methods of waiver of a trial by jury that are enumerated in § 510.190 [4] and Rule 69.01(b) are exclusive. *Id.* at 773. Section 510.190.2 states:

> Parties shall be deemed to have waived trial by jury:
>
> (1) By failing to appear at the trial;
>
> (2) By filing with the clerk written consent in person or by attorney;
>
> (3) By oral consent in court, entered on the minutes;
>
> (4) By entering into trial before the court without objection.

Rule 69.01(b) states the same means for waiving trial by jury as are set forth in § 510.190.2.

Plaintiff cites *Bratschi v. Loesch*, 330 Mo. 697, 51 S.W.2d 69 (1932), and *Boyce v.*

---

**4.** § 510.190.2, RSMo 1959, was applicable in *Meadowbrook*. § 510.190.2, RSMo 1986, applies in this case. The provisions are the same.

References to statutes that follow are to RSMo 1986 unless otherwise stated.

*Howell,* 210 S.W. 89 (Mo.App.1919), as authority for the contention that defendant waived his right to trial by jury. The facts in neither case are of benefit to plaintiff. In *Bratschi,* both parties appeared before the trial court with their respective attorneys. No objection was made about proceeding without a jury nor was there any request for a jury trial. *Bratschi,* 51 S.W.2d at 70. There was no suggestion, in any respect, that a jury should be called. *Id.* In *Boyce,* a jury was called apparently before the court reviewed the pleadings to determine whether the case was one in equity or at law. The trial court then expressed the opinion that the case was in equity. The defense counsel suggested it was "a jury case," but concluded, "We have no objection to the court trying it however." *Boyce, supra.* On appeal, the court concluded the case was in equity. *Id.*

The present case is unlike either *Bratschi* or *Boyce.* It is a suit for malicious prosecution, an action at law. A request was made for trial by a jury. It was denied the day of trial (consistent with the trial court's prior order). This does not amount to a waiver of trial by jury notwithstanding that the case was then submitted on the basis of the transcript of testimony from a prior trial, and that defendant's counsel submitted written arguments in support of defendant's case. The agreement to submit the case on the basis of the transcript from the prior trial, made after there had been a request for a jury trial that was denied, was not an oral consent in court waiving trial by jury, nor was any such entry made on the minutes of the proceeding. There was no written consent whereby defendant waived trial by jury. Nor did defendant enter into trial without objection. By requesting the trial by jury to which he was entitled, defendant did all that was required. Had he not demanded a jury trial, he would have waived that right. *Cronacher v. Runge,* 345 Mo. 114, 98 S.W.2d 603, 604–05 (1936). No further objection was necessary inasmuch as it would have been futile. "[T]he law does not require the doing of a useless thing." *Welek Realty, Inc. v. Juneau,* 596 S.W.2d 495, 497 (Mo.App.1980).

Plaintiff's contention that defendant waived trial by jury by appearing at trial by attorney and not in person also fails. Failing to appear at trial so as to constitute waiver of trial by jury pursuant to § 510.190.2(1) and Rule 69.01(b)(1) does not require a party to appear both in person and by attorney. In this case defendant did appear at trial—he appeared by his attorney. Where neither a defendant nor his attorney appears, a court may proceed to try a case without a jury. A jury is waived under those circumstances. *Jones v. St. Joseph Fire & Marine Ins. Co.,* 55 Mo. 342, 343 (1874). That is not the situation in this case.

The judgment is reversed. The case is remanded to the circuit court for a new trial.

FLANIGAN, C.J., and SHRUM, J., concur.