**STATE of Missouri, ex rel., Leslie L. MORGAN and Patricia M. Morgan, Relators,**

v.

**Honorable Bruce COLYER, Probate Judge of the Circuit Court of Camden County, Missouri, Twenty–Sixth Judicial Circuit, Respondent.**

No. 28551.

Missouri Court of Appeals, Southern District, Division One.

Jan. 18, 2008.

---

Roger M. Gibbons, Osage Beach, for Relators.

David T. Welch, Phillips, McElyea, Carpenter & Welch, P.C., Camdenton, for Respondent.

DANIEL E. SCOTT, Judge.

We previously issued a preliminary writ of prohibition, which we now make absolute.[1]

## Procedural Background

Plaintiffs Jean Tessier and Robert Bryan, co-personal representatives of the Estate of Margaret E. Johnston, filed against Relators a petition for discovery of assets. After Relators' attorney was elected full-time county prosecutor in late 2006, Respondent allowed him to withdraw and set a January 12, 2007 case review hearing to see whether Relators had retained new counsel.

On January 2, 2007, Relators' present attorney entered his appearance and moved to continue the January 12 hearing. At a January 9, 2007 hearing on the motion for continuance, Respondent indicated he was setting the action for trial, and on his own motion, scheduled the trial for April 17, 2007. The parties later jointly requested a continuance, which Respondent granted, resetting the trial for June 22, 2007.

On April 17, 2007, Relators filed a jury trial demand. Respondent denied it, ruling that Relators waived jury trial by not demanding it on January 9, 2007 and because a jury trial would delay the case. Relators, after unsuccessfully moving for reconsideration, sought prohibition in this court.

## General Legal Principles

One essential function of prohibition is to correct or prevent lower courts from acting without or in excess of their jurisdiction. *State ex rel. Director of Revenue v. Curless*, 181 S.W.3d 595, 597 (Mo. App.2005). This includes relief from an improper denial of the right to a jury trial. *See, e.g., State ex rel. Burlison Investments, Inc. v. Conklin*, 741 S.W.2d 825 (Mo.App.1987).

As to Relators' right to a jury trial, "we look to § 510.190.1, which states that in a circuit court, '[t]he right of trial by jury as declared by the constitution or as given by a statute shall be preserved to the parties inviolate.'" *Advanced Transmissions, L.C. v. Duff*, 9 S.W.3d 743, 744 (Mo.App.2000).[2] Such right is "given by a statute" in discovery of assets actions. Section 473.340.2 lets "any party" demand a jury trial in a discovery of assets case; thus, "any party to a discovery of assets suit is entitled to a jury trial." *In re Estate of Dean*, 967 S.W.2d 219, 223 (Mo.

---

1. Statutory citations herein are to RSMo (2000), and rule references are to Missouri Court Rules (2007), unless otherwise indicated.

2. *See also* Mo. Const. art. 1, § 22(a), Rule 69.01(a). We do not reach Respondent's assertion that Rule 69.01 does not apply to probate proceedings, as Respondent makes no such claim regarding § 510.190.

App.1998). *See also Robertson v. Robertson,* 15 S.W.3d 407, 420 (Mo.App.2000).

### "Purely Equitable"

■ Notwithstanding the grant (§ 473.340.2) and preservation inviolate (§ 510.190.1) by statute of Relators' jury trial right, Respondent claims Plaintiffs' petition asserts "purely equitable" claims not subject to jury trial. Our supreme court long ago concluded that a discovery of assets case "cannot be maintained upon purely equitable grounds," being "an action, within the meaning of the law, in which property rights may be tried and determined." *Davis v. Johnson,* 332 Mo. 417, 58 S.W.2d 746, 748 (1933). Indeed, Plaintiffs' petition seeks to "determine the title and right of possession" to certain real estate, and "that the title to said real estate be declared to be in the devisees of the decedent." Plaintiffs' undue influence allegations, furthermore, present a jury issue. *See, e.g., Estate of Gross v. Gross,* 840 S.W.2d 253, 257 (Mo.App.1992).

### Waiver

■ Respondent also claims a jury trial waiver based on that court's Local Rule 36.1(2), particularly the italicized portion below:

Any case in which notice is given for placement on the trial request docket and which notice does not request trial by jury shall be set for trial before the court without a jury unless counsel appears on the date the case is requested to be placed on the trial request docket and asks for jury trial. *Failure of counsel to appear to request jury trial shall*

*be deemed oral consent in court and thereby constitute waiver of trial by jury.* (emphasis added)

For purposes herein pertinent,[3] however, our courts repeatedly have held that § 510.190.1's right to jury trial can be waived only in accordance with § 510.190.2. *See, e.g., Meadowbrook Country Club v. Davis,* 421 S.W.2d 769, 773 (Mo. banc 1967); *Advanced Transmissions,* 9 S.W.3d at 744; *Grimes v. Bagwell,* 809 S.W.2d 441, 443 (Mo.App.1991); *Bank of Bourbon v. Mid–Mo Leasing, Inc.,* 622 S.W.2d 521, 523 (Mo.App.1981). Unlike the local rule in question—and contrary thereto—§ 510.190 requires no jury demand, but instead guarantees a jury trial unless waived. *Meadowbrook,* 421 S.W.2d at 774.

■ Circuit courts cannot make or enforce local rules that deprive parties of a legal right, or grant the right upon terms more onerous than fixed by law. *Grimes,* 809 S.W.2d at 443; *Parrett v. Integon Life Insurance Co.,* 590 S.W.2d 411, 412 (Mo. App.1979). This includes local court rules regarding waiver of jury trial rights. *See, e.g., Meadowbrook, supra; Grimes, supra; Parrett, supra.*

For our purposes, § 510.190.2 provides the *exclusive* ways to waive Relators' jury trial rights. *Advanced Transmissions,* 9 S.W.3d at 744, *citing Meadowbrook,* 421 S.W.2d at 773. None occurred here.[4] Respondent thus exceeded his jurisdiction in denying Relators' jury trial request and setting the case for non-jury trial over their objection. Our preliminary writ of

---

**3.** There is no claim, for example, that Relators contractually waived their jury trial right, as upheld in *Malan Realty Investors, Inc. v. Harris,* 953 S.W.2d 624 (Mo. banc 1997).

**4.** "Parties shall be deemed to have waived trial by jury: (1) By failing to appear at the

trial; (2) By filing with the clerk written consent in person or by attorney; (3) By oral consent in court, entered on the minutes; (4) By entering into trial before the court without objection." § 510.190.2. *See also* Rule 69.01(b).

prohibition is made absolute, and Respondent is prohibited from trying the underlying action other than by a jury, unless a jury trial is waived by the parties in the manner prescribed by § 510.190.2.

PARRISH, P.J., and BATES, J., concur.