**AUTOMOTIVE LEASING
CORPORATION,
Respondent,**

v.

**Harold R. WESTERHOLD, Appellant.**

No. 70238.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 13, 1997.

Harold R. Westerhold, Florissant, pro se.

V. Jack Muehlenkamp, Dellwood, for Respondent.

KAROHL, Judge.

Lessee appeals judgments rendered in favor of lessor on two counts for breach of contract and for lessor on lessee's counterclaim. The parties entered into two automobile leases. Count I claimed damages for lessee's failure to pay for excess mileage. The first lease contains an agreement for lessee to pay lessor an agreed amount for each mile of use over 60,000 miles during the period of the lease. Lessee returned the vehicle at the end of the lease with 87,453 miles accumulated, thereby exceeding the limit in the lease by 27,453 miles. The parties entered into a second lease at the termination of the first lease for a new vehicle. Count II claimed damages for lessee's failure to make payments as required by a second lease. Lessee appeared *pro se* in the trial court and represents himself in this appeal. Lessor did not file a brief.

On December 6, 1994, lessor filed a one count petition in the Circuit Court Associate Division asserting damages under $5,000. Lessee filed an answer and counterclaim. Lessee's counterclaim prayed for relief in excess of the Associate Division's jurisdiction. The case was transferred to the Circuit Court. Thereafter, lessor filed a first amended petition with two counts, one for each lease. The record is devoid of leave to amend being granted by the trial court. Lessee made a request for a jury trial. The trial court initially set the cause for jury trial on October 11, 1995. However, due to various motions and delays, on October 13, 1995, the trial court re-set the cause for jury trial as first back-up case for January 22, 1996.

On January 16, 1996, the trial court sent notice to the parties that the case was now the first case for jury trial on January 22, 1996. On Friday, January 19, 1996, lessee filed a motion for continuance. He alleged he needed to transport his wife to the hospital for serious medical treatment on January 22, 1996. The motion was not supported by an affidavit.

On January 22, 1996, lessee failed to appear. The trial court made no express ruling on lessee's motion for a continuance. By hearing the case without a jury it implicitly overruled the motion. Although lessee requested a jury trial, he waived this right when he failed to appear at the trial. Rule 69.01(b)(1). The trial court heard testimony and received exhibits from lessor. It rendered judgment in lessor's favor on Count I of the first amended petition for $2,838.05 and on Count II for $4,263.76. It also found in favor of lessor on lessee's counterclaim.

Lessee filed a motion to vacate judgment and for a new trial. He set, appeared, and argued the motion. He alleged and argued the judgment should be vacated because the judge never ruled on his continuance motion and because he had demanded a jury trial, but the court proceeded without a jury trial. Lessee attached a medical statement and affidavit in support of his position that a

medical emergency justified a continuance. Lessor failed to appear in person or by counsel to oppose the motion. The trial court denied lessee's motion to vacate the judgment and for a new trial. Lessee has appealed to this court.

■ Lessee's appellate brief contains five points. Although we have some reservation about whether lessee's brief complies with Rule 84.04(d) interpreted in *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978), we will address the merits on some of the points. We are able to decipher the issues and will decide a case on the merits whenever possible. *Id.* at 690. Our decision to address the merits is not based on lessee acting *pro se*. "[P]arties acting *pro se* are bound by the same rules and procedures as lawyers, and they are entitled to no indulgence they would not have received if represented by counsel." *Lamastus v. Lamastus*, 886 S.W.2d 721, 726 (Mo.App. E.D.1994).

■ Lessee's first point contends "THE COURT ERRED WHEN IT FAILED TO TAKE JUDICIAL NOTICE THAT [LESSOR] DID NOT HAVE LEAVE OF COURT OR AGREEMENT OF [LESSEE] TO AMEND IT'S PETITION." He argues the amended petition was not properly before the court, thus, it will not support the judgments for lessor. Lessee relies on § 509.490 RSMo 1994 which requires a party to obtain leave of the court or written consent of the adverse party before amending his or her pleading after the adverse party has filed a responsive pleading. In this case lessee filed an answer and counterclaim to the lessor's initial petition. Thereafter, lessor amended its petition, but no record exists of an order granting leave to amend. The judgments were rendered on the lessor's first amended petition, not the initial petition.

■ Lessee's reliance on § 509.490 RSMo 1994 as grounds for reversal is misplaced. Section 509.490 provides "leave shall be freely given when justice so requires." In *Hughes v. St. Louis Public Service Co.*, 251 S.W.2d 360 (Mo.App.1952), the court allowed a plaintiff to amend her petition after the close of evidence, but before instructions to the jury. The court stated "under both the spirit and the letter of our code great liberality is to be indulged in the amendment of pleadings at any stage of the proceeding." *Id.* at 363. Whether a party will be allowed to amend his or her pleadings "is primarily a matter within the discretion of the trial court, reviewable only for abuse." *Id.* Here, the trial court, by implication, granted leave for lessor to amend its petition when it heard evidence to support the amended petition and entered a judgment on two separate counts. Lessee has not argued the amended petition stated different causes of action than in the original, or that lessor's evidence was beyond the scope of lessor's pleading. Lessee's failure to appear and to object "resulted in an automatic amendment of the pleadings to conform to the evidence...." *Sparks v. Consolidated Aluminum Co.*, 679 S.W.2d 348, 353 (Mo.App.1984).

■ Lessee's second point contends the judgment for lessor on lessee's counterclaim was error because the trial court failed to take judicial notice that lessor failed to answer lessee's counterclaim. This point fails for several reasons. First, the counterclaim does not state a recognized cause of action. Second, a trial court is not required to take judicial notice unless requested. Lessee never requested the trial court to take notice of any procedural matter and never requested a default judgment on his counterclaim. Third, it is immaterial whether the trial court took judicial notice or not because lessee failed to appear at trial. Counterclaims must be proven. Lessee had the burden of proof with respect to the counterclaim. Because lessee failed to appear at trial, his counterclaim went unproven. The trial court did not err in rendering judgment for the lessor on lessee's counterclaim.

■ Lessee's third point is related to the second. He argues: "THE [LESSOR]'S FAILURE TO DENY [LESSEE]'S AVERMENTS IN [LESSEE]'S COUNTERCLAIM ARE ADMITTED." This is merely a statement of law. It does not claim or preserve trial court error. While it may be accurate, it does not provide a legal reason, or state wherein and why the trial court erred. Furthermore, this point fails for the same reasons noted in point two.

■ The fourth point contends "[LESSEE]'S AFFIRMATIVE DEFENSE IN

PARAGRAPH 4 OF HIS ANSWERS TO [LESSOR]'S PETITION IS ADMITTED." Even if true, this does not constitute a Rule 84.04 point on appeal. The "admitted defense" is a claim that lessor failed to state a claim upon which relief can be granted. That is not an affirmative defense. Rule 55.27(a)(6); *cf.* Rule 55.08 (listing affirmative defenses). Once lessor presented evidence, the burden of proof shifted to lessee to prove his defense by a preponderance of the evidence. Since the lessee failed to appear at trial, his burden of proof went unsatisfied, and the trial court did not err in finding for the lessor.

Lessee's final point contends "THAT THE COURT ABUSED IT'S POWER IN DENYING [LESSEE]'S MOTION FOR A CONTINUANCE." The Missouri Supreme Court has stated "[a]s a general principle, the grant or denial of a continuance is largely within the discretion of the trial court." *Seabaugh v. Milde Farms, Inc.,* 816 S.W.2d 202, 207 (Mo. banc 1991) (citations omitted). A trial court has broad discretion in controlling the docketing and progress of litigation. *Collins v. Director of Revenue,* 691 S.W.2d 246, 254 (Mo. banc 1985). Pleadings and motions must be supported or proven. In this case, lessee failed to comply with the requirements of Rule 65.03 which requires a request for a continuance to be accompanied by an affidavit or presented by a credible person supporting the facts upon which the continuance was requested. The claims made in lessee's motion for a continuance were neither verified nor supported by affidavit as required by Rule 65.03. "In the absence of compliance with the requirements of the rule, there can be no abuse of discretion in denying a continuance." *In the Interest of C.L.L.,* 776 S.W.2d 476, 477 (Mo.App. 1989). We followed that principle in *Nixon v. Director of Revenue,* 883 S.W.2d 945, 946 (Mo.App. E.D.1994).

Judgments affirmed.

RHODES RUSSELL, P.J. and SIMON, J., concur.